IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS HINNAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:13-cv-77-GPM |
| ) | |
| CFJ PROPERTIES; TRAVEL PLAZA ) | |
| LLC; DOUGLAS OIL COMPANY OF ) | |
| CALIFORNIA; KAYO OIL COMPANY, ) | |
| FJ MANAGEMENT INC.; and PILOT ) | |
| TRAVEL CENTERS LLC. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' motion for judgment on the pleadings (Doc. 8). This motion is **DENIED.**

On December 16, 2010, Plaintiff Dennis Hinnah claims he slipped and fell on ice in the parking lot of the Flying J Travel Center, located in St. Clair Court, Illinois. At the time of the incident, Plaintiff was employed by Pilot Travel Centers, LLC ("Pilot Travel") and subsequently filed a workers' compensation claim against his employer. Plaintiff initiated this suit December 14, 2012, against five various entities that allegedly own the property in question. Those Defendants filed the pending motion (Doc. 8). Plaintiff filed a first amended complaint adding Defendant Pilot Travel, alleged to be an additional owner of the property in questions (Doc. 23). The case was removed pursuant to the Court's diversity jurisdiction.

After the parties have filed a complaint and answer, a party may move for judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(c); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Under controlling case law, Rule 12(c) motions on the pleadings are subject to the same standard as Rule 12(b)(6) motion to dismiss for

1

failure to state a claim and are based solely on the allegations contained in the complaint. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003); *N. Ind. Gun & Outdoor Shows, Inc.,* 163 F.3d at 452. Under Rule 12(b)(6), a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In evaluating Rule 12(c) motions, this Court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the Plaintiff. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). But, this Court need not accept as true legal allegations that the facts do not support. *N. Ind. Gun & Outdoor Shows, Inc.,* 163 F.3d at 452. As facts in the complaint are viewed in the light most favorable to the nonmoving party, this Court will grant judgment on the pleadings pursuant to Rule 12(c) only where all material issues can be resolved on the pleadings and "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000), *quoting Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989*); Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012) (neither Rule 12(b)(6) nor Rule 12(c) dismissal is appropriate when recovery is still plausible).

Defendants assert that at the time of the incident in question, none of the Defendants named in the initial complaint owned, operated, managed, or otherwise controlled the premises where Plaintiff alleges he fell. Plaintiff's response contends that Defendant CFJ Properties was, and still is, the owner of record of the property that was the site of the occurrence at issue, and is

thus a proper party to this case. These allegations may or may not be true, but they are plausible and no more is required of a pleading. *Richards v. Mitcheff*, 696 F.3d 635 (7th Cir. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662; *Bell Atlantic v. Towombly*, 550 U.S. 544 (2007).

Defendant Pilot Travel was both Plaintiff's employer at the time of the incident in question and is also alleged to be an owner of the property where the incident occurred (Doc. 23). Defendants argue that Plaintiff's claims are barred by the exclusive remedy provision of the Illinois Workers Compensation Act, 820 ILCS 305/5(a), because of the employee-employer relationship that existed between Pilot Travel and Plaintiff. At the pleading stage, however, Plaintiff's papers are sufficient. The Defendants who filed the pending motion for judgment on the pleadings were not Plaintiff's employers and are not party to the Workers Compensation action. Upon production of evidence material to the question of ownership and control, a motion for summary judgment can test the sufficiency of this case under Illinois law. The motion for judgment on the pleadings, as filed, is thus **DENIED.**

**IT IS SO ORDERED.**

DATED: November 4, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge